UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES LEE BALLARD,

    Plaintiff,

v.                                            Case No. 1:23-cv-24-AW-MJF

JOHN LYON BROLING,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff James Lee Ballard, proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983, and a motion for leave to proceed *in forma pauperis*. Docs. 1, 3. Because Ballard previously has incurred three strikes and has not alleged that he is in imminent danger, the District Court should dismiss this case pursuant to 28 U.S.C. § 1915(g).

### I. ALLEGATIONS OF BALLARD'S COMPLAINT

Ballard is a pretrial detainee confined at the Alachua County Jail awaiting trial on criminal charges in Alachua County Circuit Court Case No. 2018-CF-001513-A. Doc. 1 at 4, 5. His Alachua County Jail Inmate Number is ASO13MNI009026. Ballard filed this lawsuit on February 7, 2023. *Id*. at 1. Ballard's complaint names one Defendant: John Lyon Broling, a public defender. *Id*. at 1-2. Ballard claims that

Broling—"in conspiracy with" the Assistant State Attorney—"caused damage" to Ballard's criminal case by withdrawing from representation. *Id*. at 5. Ballard claims that Broling's conduct violated Ballard's constitutional rights to effective assistance of counsel, a speedy trial and due process. *Id*. at 7. As relief, Ballard seeks $25 million against Broling in his individual capacity. *Id*. at 7.

## II. Discussion

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* when that prisoner previously had filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. The statute provides in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statute defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates suit). The only exception is if the prisoner alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

A.   **Ballard Has Accrued at Least Three "Strikes"**

One District Judge has recognized that Ballard has accrued at least three "strikes." *See Ballard v. State of Florida*, No. 4:22-cv-445-MW/MAF, 2023 WL 1765111 (N.D. Fla. Jan. 13, 2023) (dismissing action under § 1915(g) and identifying four of Ballard's prior civil actions dismissed in 2022 that qualify as strikes), *report and recommendation adopted*, 2023 WL 1967946 (N.D. Fla. Feb. 13, 2023). Ballard's strikes include the following cases:

- *Ballard v. Florida Bar Ass'n.*, No. 4:22cv183-WS/MAF (N.D. Fla. Oct. 5, 2022) (dismissing action under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), for failure to state a claim, for Ballard's failure to accurately disclose his prior litigation, and because Ballard sought monetary relief against a defendant who was immune from such relief);

- *Ballard v. Watson*, No. 1:22-cv-103-AW-MAF, 2022 WL 3018168 (N.D. Fla. July 28, 2022) (dismissing action for Ballard's failure to accurately disclose his litigation history);

- *Ballard v. Broling*, No. 1:22-cv-104-AW-MJF, 2022 WL 3441900 (N.D. Fla. July 28, 2022) (same); and

- *Ballard v. Judicial Qualifications*, No. 4:22cv266-MW/MAF, 2022 WL 4133302 (N.D. Fla. Sept. 12, 2022) (dismissing action for Ballard's failure to honestly disclose his prior litigation history and because Ballard sought monetary relief against a defendant who was immune from such relief).[1]

Because Ballard has incurred at least three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**B.     Ballard Fails to Satisfy the Imminent-Danger Exception of § 1915(g)**

To satisfy the "imminent danger" exception, "the prisoner must show he is in imminent danger 'at the time that he seeks to file his suit in district court.'" *Daker v. Ward*, 999 F.3d 1300, 1310–11 (11th Cir. 2021) (quoting *Medberry v. Butler*, 185 F.3d 1189, 1192–93 (11th Cir. 1999)).

Ballard's allegations—that Broling violated his constitutional rights to effective assistance of counsel, a speedy trial, and due process—do not indicate that Ballard is under imminent danger of serious physical injury. Because Ballard is barred from proceeding *in forma pauperis* and failed to pay the filing fee at the time he initiated this lawsuit, the District Court must dismiss this case without prejudice under 28 U.S.C. § 1915(g). *See Dupree,* 284 F.3d at 1236 ("The prisoner cannot

---

[1] Ballard acknowledges having filed all of the foregoing lawsuits. Doc. 1 at 13.

simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

### III. CONCLUSION

Because Plaintiff has incurred at least three strikes and has not alleged that he is under imminent danger of serious physical injury, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's motion for leave to proceed *in forma pauperis*, Doc. 3, be **DENIED** and that this action be **DISMISSED**, pursuant to 28 U.S.C. § 1915(g), without prejudice to Plaintiff's initiating a new cause of action accompanied by payment of the $402.00 filing and administrative fees.

2. The clerk of court close this case file.

At Pensacola, Florida, this <u>14th</u> day of February, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting**

**party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**